T.C. Memo. 2003-57

UNITED STATES TAX COURT

RANCHO RESIDENTIAL SERVICES TRUST, ROBERT HOGUE, TRUSTEE,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2211-02.                    Filed March 3, 2003.

Robert Hogue, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.[2] Respondent maintains that the petition was not filed by a trustee authorized to bring suit on behalf of Rancho Residential Services Trust (Rancho Residential).[3]  As discussed in detail below, we shall grant respondent's motion and dismiss this case for lack of jurisdiction.

Background

A.  Notice of Deficiency

Respondent issued a notice of deficiency to Rancho Residential determining a deficiency in, an addition to, and a penalty on its Federal income tax as follows:

| Year | Deficiency | Addition To Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|------------------------------|------------------------------------|
| 1997 | $119,363 | $23,873 | $23,873 |

---

[2]  This case was consolidated for hearing with three related cases in which Robert Hogue also filed petitions purportedly as "trustee" on behalf of various so-called trusts.  See Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2003-56; Home Health Servs. Trust v. Commissioner, T.C. Memo. 2003-58; Sunshine Residential Trust v. Commissioner, T.C. Memo. 2003-59.

[3]  Use of the terms "trust" and "trustee" (and their derivatives) is intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

The deficiency in income tax is based on the disallowance of deductions claimed by Rancho Residential on Schedule C, Profit or Loss from Business.  In this regard, respondent determined that the deductions:

> are disallowed because you failed to establish the amount, if any, that was paid during the taxable year for ordinary and necessary business expenses, and you failed to establish the cost or other basis of the property claimed to have been used in business.

B.  Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency.[4]  The petition was signed by Robert Hogue as Rancho Residential's purported "trustee".

Paragraph 4 of the petition, which sets forth the bases on which the notice of deficiency is challenged, alleges as follows:

> (1) The Statutory Notice of Deficiency was issued to petitioner claiming petitioner had unreported income. Petitioner denies having any unreported income.  (2) Attached to the Notice of Deficiency, IRS Form 4549-A, income tax examination changes, line 9 states, "Total Corrected Tax Liability."  Petitioner denies having a tax liability.  (3) Respondent has failed to provide the petitioners [sic] with the USC Title 26 taxing statute that applies.  (4) Respondent has failed to provide the petitioners [sic] with certified assessment information as per Internal Revenue Regulation 301.6203-1.  (5) Respondent has failed to identify the individual who will certify to the tax adjustments the determination was based on.  (6) Petitioner claims, the Notice of Deficiency, the claimed tax liability, and

---

[4]  Rancho Residential's principal place of business was in California at the time that the petition was filed with the Court.

the claimed unreported income, are all based on unfounded and hearsay evidence[;] no examination of books and records has been done so we are presuming this is a naked assessment. (7) There can be no meaningful administrative hearing until respondent provides petitioner with certified evidence to support the Notice of Deficiency and the claimed tax liability.

C. Respondent's Motion

Respondent filed a motion to dismiss for lack of jurisdiction. In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction "on the ground that the petition was not filed by a trustee authorized to bring suit on behalf of the trust".

Upon the filing of respondent's motion to dismiss, the Court issued an order directing Rancho Residential to file an objection, if any, to respondent's motion, taking into account Rule 60, and to attach to the objection a copy of the trust instrument or other documentation showing that the petition was filed by a fiduciary legally entitled to institute a case on behalf of Rancho Residential. The Court subsequently extended the time within which the objection was to be filed.

D. Robert Hogue's Objection

Ultimately, the Court received an objection, which was signed by Robert Hogue, to respondent's motion to dismiss. Paragraph 5 of the objection states:

> ROBERT HOGUE presented a Trust instrument for the court which is a Contractual Contract Trust based on common law & the United States Constitution, Article One,

Section 10., MR. HOGUE also presented notarized documentation to the court to show his acceptance of Trusteeship.  As well as further documentation such as form 56, Fiduciary Signature card showing Robert Hogue as wet signature on bank account.  At best this site is frivolous and without merit.  The court is trying to mislead the petitioner in this court action.  ROBERT HOGUE is the only person who can represent the trust.  His description as Trustee for Rancho Residential Trust is well established in his everyday work as Trustee.

Attached to the objection are copies of, inter alia, a purported trust instrument dated August 15, 1996, and a document entitled "Trustee Resignation/Appointment of Successor-Trustee" dated July 15, 1997 (appointment document).[5]

The purported trust instrument provides, in pertinent part, as follows:

_____

[5]  The same purported trust instrument and appointment document were both submitted to the Court by Robert Hogue in Rancho Residential Facility Trust v. Commissioner, docket No. 9120-00, involving the 1996 tax year, which was dismissed on the ground that Robert Hogue was not a proper person authorized to petition the Court on behalf of the trust.  Likewise, with the exception of the name of the so-called trust, the appointment document is identical to the appointment document submitted to the Court by Robert Hogue in numerous cases before this Court that were dismissed on the ground that Robert Hogue was not a proper person authorized to petition the Court on behalf of the "trust".  See Rancho Residential Facility Trust v. Commissioner, supra; Residential Mgmt. Servs. Trust v. Commissioner, docket No. 9119-00; Home Health Servs. Trust v. Commissioner, docket No. 9118-00; Sunshine Trust v. Commissioner, docket No. 9117-00; Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297; cases cited supra n.2.

DECLARATION OF IRREVOCABLE TRUST

This Declaration of Irrevocable Trust is created this 15TH DAY OF August 1996, between CONTRACT ADMINISTRATORS TRUST, of Washington, D.C., hereinafter called the SETTLOR and AMERICAN FINANCIAL SERVICES, Washington, D.C., with mailing address of Washington D.C., Jeffery Williams and Douglas Carpa Officers [sic], hereinafter called the TRUSTEES, who are legal entities holding full title, not as individuals, hilt [sic] collectively as the Board under the name of RANCHO RESIDENTIAL FACILITY[6] * * *.

    *      *      *      *      *      *      *

EIGHTH

* * * A Successor-Trustee may be appointed by the current Trustee or Trustees, a court of competent jurisdiction, or by consensus with the and [sic] Beneficiaries if the First Trustee resigns with 30 days notice.

NINTH

The Trustee, by joining in the execution of this agreement, hereby signifies acceptance of this trust.

    *      *      *      *      *      *      *

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above written.

| /s/ | /s/ |
|---|---|
| CONTRACT ADMINISTRATORS TRUST, SETTLOR, Enrique Almodovar | AMERICAN FINANCIAL SERVICES TRUST, FIRST TRUSTEE, Jeffery Williams, Trust Officer |

[Emphasis added.]

Although the instrument identifies a Jeffery Williams and a

Douglas Carpa as the "trustees", only Jeffery Williams

purportedly executed the document accepting his appointment on

---

[6] The record indicates that Rancho Residential Facility and Rancho Residential Services Trust are one and the same.

behalf of American Financial Services as a trustee for Rancho Residential. In contrast, there is nothing in the document (or otherwise in the record) demonstrating that Douglas Carpa purported to accept his appointment on behalf of American Financial Services as a trustee for Rancho Residential.

The appointment document provides, in pertinent part, as follows:

> TO ALL PERSONS, be it known that Douglas J. Carpa, Trust Officer for American Common Trust,[7] tenders his resignation on behalf of American Common Trust as Trustee for Rancho Residential Facility Trust. My final act as trustee is to appoint the Successor-Trustee(s). He shall be Mr. Bob Hogue.

On July 15, 1997, Douglas J. Carpa purportedly executed this instrument in his capacity as "Resigning Trustee for American Common Trust".

### E. Hearing on Respondent's Motion

This matter was called for hearing at the Court's trial session in San Francisco, California. Counsel for respondent appeared at the hearing and offered argument and evidence in support of respondent's motion to dismiss.

Robert Hogue appeared pro se, purportedly on behalf of Rancho Residential. The only evidence he offered was his naked assertion that he is entitled to appear on behalf of Rancho

---

[7] American Common Trust, whose "home situs" is reputedly in the Republic of Panama, is not otherwise identified in the record.

Residential because he was appointed successor trustee by Douglas Carpa, the purported resigning "trustee", on July 15, 1997.

Discussion

According to respondent, Rancho Residential failed to show that Robert Hogue is its duly appointed trustee. Respondent asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction. We agree.

It is well established that the taxpayer has the burden of affirmatively establishing all facts giving rise to the Court's jurisdiction. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl. Comm. To Secure Justice v. Commissioner, 27 T.C. 837, 838-839 (1957). Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction. See Fehrs v. Commissioner, supra at 348.

Rule 60(a) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." See Rule 23(a)(1). Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall

be determined in accordance with the law of the jurisdiction from which such person's authority is derived."  However, Robert Hogue failed to provide the Court with documentary evidence necessary to support his contention that he is vested with authority to institute this action on behalf of Rancho Residential under the law of any relevant jurisdiction.

As previously discussed, Rancho Residential presented the Court with a purported trust instrument, dated August 15, 1996. The preamble of the purported trust instrument identifies a Jeffery Williams and a Douglas Carpa as "trustees".  Further, paragraph Ninth of the purported trust instrument explicitly requires the trustees to execute the purported trust instrument accepting their appointment on behalf of American Financial Services as trustees for Rancho Residential.  However, only Jeffery Williams executed the purported trust instrument accepting his appointment on behalf of American Financial Services as a trustee for Rancho Residential.  In contrast, Douglas Carpa did not execute the purported trust instrument accepting his appointment on behalf of American Financial Services as a trustee for Rancho Residential.  Therefore, Douglas Carpa is not a trustee for Rancho Residential.  Accordingly, Douglas Carpa's purported appointment, in his capacity as the "Resigning Trustee for American Common Trust", of Robert Hogue as

successor trustee for Rancho Residential must fail.  See <u>Bella Vista Chiropractic Trust v. Commissioner</u>, T.C. Memo. 2003-8.

In the absence of any persuasive basis for concluding that Robert Hogue was duly appointed trustee for Rancho Residential, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion.[8]

All of the arguments and contentions that have not been analyzed herein have been considered but do not require any further discussion.

In order to give effect to the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.

---

[8]  Robert Hogue is no stranger to this Court and has filed numerous petitions with the Court on behalf of various so-called trusts.  As is the case here, those petitions were dismissed on the ground that they were not filed by a proper party.  See <u>Residential Mgmt. Servs. Trust v. Commissioner</u>, T.C. Memo. 2003-56 (and cases cited therein at n.16); <u>Home Health Servs. Trust v. Commissioner</u>, T.C. Memo. 2003-58; <u>Sunshine Residential Trust v. Commissioner</u>, T.C. Memo. 2003-59.