T.C. Memo. 2003-58

UNITED STATES TAX COURT

HOME HEALTH SERVICES TRUST, ROBERT HOGUE, TRUSTEE,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2212-02.                    Filed March 3, 2003.

Robert Hogue, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

─────────────

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.[2] Respondent maintains that the petition was not filed by a trustee authorized to bring suit on behalf of Home Health Services Trust (Home Health).[3]  As discussed in detail below, we shall grant respondent's motion and dismiss this case for lack of jurisdiction.

Background

A.  Notice of Deficiency

Respondent issued a notice of deficiency to Home Health determining a deficiency in, an addition to, and a penalty on its Federal income tax as follows:

| Year | Deficiency | Addition To Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
|------|------------|--------------------------------|---------------------------------------|
| 1997 | $137,942 | $27,588 | $27,588 |

---

[2]  This case was consolidated for hearing with three related cases in which Robert Hogue also filed petitions purportedly as "trustee" on behalf of various so-called trusts.  See Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2003-56; Rancho Residential Servs. Trust v. Commissioner, T.C. Memo. 2003-57; Sunshine Residential Trust v. Commissioner, T.C. Memo. 2003-59.

[3]  Use of the terms "trust" and "trustee" (and their derivatives) is intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

The deficiency in income tax is based on the disallowance of deductions claimed by Home Health on Schedule C, Profit or Loss from Business.  In this regard, respondent determined that the deductions:

> are disallowed because you failed to establish the amount, if any, that was paid during the taxable year for ordinary and necessary business expenses, and you failed to establish the cost or other basis of the property claimed to have been used in business.

B.  Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency.[4]  The petition was signed by Robert Hogue as Home Health's purported "trustee".

Paragraph 4 of the petition, which sets forth the bases on which the notice of deficiency is challenged, alleges as follows:

> (1) The Statutory Notice of Deficiency was issued to petitioner claiming petitioner had unreported income. Petitioner denies having any unreported income.  (2) Attached to the Notice of Deficiency, IRS Form 4549-A, income tax examination changes, line 9 states, "Total Corrected Tax Liability."  Petitioner denies having a tax liability.  (3) Respondent has failed to provide the petitioners [sic] with the USC Title 26 taxing statute that applies.  (4) Respondent has failed to provide the petitioners [sic] with certified assessment information as per Internal Revenue Regulation 301.6203-1.  (5) Respondent has failed to identify the individual who will certify to the tax adjustments the determination was based on.  (6) Petitioner claims, the Notice of Deficiency, the claimed tax liability, and

---

[4]  Home Health's principal place of business was in California at the time that the petition was filed with the Court.

the claimed unreported income, are all based on unfounded and hearsay evidence[;] no examination of books and records has been done so we are presuming this is a naked assessment. (7) There can be no meaningful administrative hearing until respondent provides petitioner with certified evidence to support the Notice of Deficiency and the claimed tax liability.

C. Respondent's Motion

Respondent filed a motion to dismiss for lack of jurisdiction. In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction "on the ground that the petition was not filed by a trustee authorized to bring suit on behalf of the trust".

Upon the filing of respondent's motion to dismiss, the Court issued an order directing Home Health to file an objection, if any, to respondent's motion, taking into account Rule 60, and to attach to the objection a copy of the trust instrument or other documentation showing that the petition was filed by a fiduciary legally entitled to institute a case on behalf of Home Health. The Court subsequently extended the time within which objection was to be filed.

D. Robert Hogue's Objection

Ultimately, the Court received an objection, which was signed by Robert Hogue, to respondent's motion to dismiss. Paragraph 5 of the objection states:

ROBERT HOGUE presented a Trust instrument for the court which is a Contractual Contract Trust based on common law & the United States Constitution, Article One, Section 10., MR. HOGUE also presented notarized documentation to the court to show his acceptance of Trusteeship.  As well as further documentation such as form 56, Fiduciary Signature card showing Robert Hogue as wet signature on bank account.  At best this site is frivolous and without merit.  The court is trying to mislead the petitioner in this court action.  ROBERT HOGUE is the only person who can represent the trust.  His description as Trustee for Home Health is well established in his everyday work as Trustee.

Attached to the objection are copies of, inter alia, a purported trust instrument dated May 24, 1994 (trust instrument), a document entitled "Trustee Resignation/Appointment of Successor-Trustee" executed on July 15, 1997, wherein a Douglas J. Carpa, "trustee", purportedly appoints Robert Hogue as the successor trustee for Home Health (appointment document),[5] an undated document entitled "Letter of Resignation" (resignation letter), documents entitled "Monthly Management Meeting"

---

[5]  The same trust instrument and appointment document were both submitted to the Court by Robert Hogue in Home Health Servs. Trust v. Commissioner, docket No. 9118-00, involving the 1996 tax year, which was dismissed on the ground that Robert Hogue was not a proper person authorized to petition the Court on behalf of the trust.  Likewise, with the exception of the name of the so-called trust, the appointment document is identical to the appointment document submitted to the Court by Robert Hogue in numerous cases before this Court that were dismissed on the ground that Robert Hogue was not a proper person authorized to petition the Court on behalf of the "trust".  See Rancho Residential Facility Trust v. Commissioner, docket No. 9120-00; Residential Mgmt. Servs. Trust v. Commissioner, docket No. 9119-00 (involving the 1996 tax year); Home Health Servs. Trust v. Commissioner, docket No. 9118-00; Sunshine Trust v. Commissioner, docket No. 9117-00; Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297 (involving the 1995 tax year); cases cited supra n.2.

(purported minutes), and a provision of the Revised Statutes of Nova Scotia, Canada.[6]

The trust instrument is identical to the altered trust instrument submitted to the Court by Robert Hogue in Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2003-56, including the execution of the trust instrument before a notary public on May 24, 1994, except for the name of the trust and the recordation information stamped on the unnumbered cover page. The recordation information stamped on the unnumbered cover page of the trust instrument states as follows:[7]

OFFICIAL RECORDS OF
MARICOPA COUNTY [AZ] RECORDER
HELEN PURCELL
94-0416998   05/25/94    10:25
LILIAN    3 of 3

In fact, the recordation information on the trust instrument is in numerical order with the recordation information on the altered trust instrument submitted to the Court in Residential Mgmt. Servs. Trust, which states:

---

[6] Specifically, Robert Hogue attached Nova Scotia's "Trustee Act, Chapter 479 of the Revised Statutes, 1989 amended 1992, c. 8, s. 37; 1994-95, c. 19", which has no relevance to the present case. See Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297.

[7] We note that the record reflects that only the unnumbered cover page of the trust instrument was purportedly recorded with the Maricopa County Recorder in Arizona.

OFFICIAL RECORDS OF
MARICOPA COUNTY [AZ] RECORDER
HELEN PURCELL
94-0416997   05/25/94    10:25
LILIAN    2 of 3

The undated resignation letter, which had been furnished to
respondent by Robert Hogue, states as follows:

<u>LETTER OF RESIGNATION</u>

To the TRUSTEES of
HOME HEALTH SERVICES
5505 Connecticut Ave., NW, #200
Washington, D.C. 20015

Dear Board of Trustees:

I hereby tender my resignation as Trustee of HOME
HEALTH SERVICES, effective at the close of the [sic]
July 15, 1997.

<u>            /s/            </u>
American Common Trust,
Douglas Carpa, Trust Officer

Notice of Acceptance of Resignation:

<u>            /s/            </u>
Bob Hogue, Trustee

The purported minutes, which are dated July 28, August 25,
September 27, October 27, November 24, and December 29, 1997, are
each one page long and contain a "Sign in Log" with various
signatures, including Robert Hogue's purported signature.[8]

---

[8]  All six of these purported minutes are identical copies
of the same six purported minutes submitted to the Court by
Robert Hogue in numerous cases before this Court that were
dismissed on the ground that Robert Hogue was not a proper person
authorized to petition the Court on behalf of the trust.  See
cases cited <u>supra</u> n.2.

However, the purported minutes do not state the organization that the minutes pertain to, nor do the purported minutes document Douglas J. Carpa's alleged notice of resignation, nor Robert Hogue's alleged appointment as the successor trustee for Home Health, nor Robert Hogue's or any trustee's alleged authority to amend the trust instrument.

E.  Respondent's Response

At the Court's direction, respondent filed a response to the foregoing objection challenging the authenticity of the purported trust instrument.  Respondent further contends that the objection is identical to a previous objection filed by Robert Hogue in Home Health Servs. Trust v. Commissioner, docket No. 9118-00, which was dismissed for lack of jurisdiction.

F.  Hearing on Respondent's Motion

This matter was called for hearing at the Court's trial session in San Francisco, California.  Counsel for respondent appeared at the hearing and offered argument and evidence in support of respondent's motion to dismiss.

Robert Hogue appeared pro se, purportedly on behalf of Home Health.  The only evidence he offered was his naked assertion that he is entitled to appear on behalf of Home Health because he was appointed trustee on July 15, 1997.

G.  Post-Hearing Memorandum Briefs

A memorandum brief, which was signed by Robert Hogue, does

nothing more than repeat the same unsubstantiated and conclusory allegations made in the petition and in the objection; i.e., that Robert Hogue is the trustee for Home Health.

Discussion

According to respondent, Home Health failed to show that Robert Hogue is its duly appointed trustee.  Respondent asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction.  We agree.

It is well established that the taxpayer has the burden of affirmatively establishing all facts giving rise to the Court's jurisdiction.  See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl. Comm. To Secure Justice v. Commissioner, 27 T.C. 837, 838-839 (1957).  Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction.  See Fehrs v. Commissioner, supra at 348.

Rule 60(a) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." See Rule 23(a)(1).  Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall

be determined in accordance with the law of the jurisdiction from which such person's authority is derived."

Robert Hogue contends that he was appointed trustee for Home Health in accordance with the trust instrument. However, Robert Hogue has failed to provide the Court with the documentary evidence necessary to support his contention that he is vested with authority to institute this action on behalf of Home Health under the law of any relevant jurisdiction.

We note that Robert Hogue is no stranger to this Court and was recently involved in a strikingly similar matter before this Court,[9] Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2003-56, wherein Robert Hogue also claimed that he was validly appointed as successor trustee by the resigning trustee, Douglas J. Carpa. In Residential Mgmt. Servs. Trust, Robert Hogue submitted a purported trust instrument as proof of his appointment that mirrors the trust instrument submitted in this case except for the name of the trust. The evidence in that case showed that the purported trust instrument was not recorded in its entirety and that Robert Hogue admitted that he personally

---

[9] Robert Hogue has filed numerous petitions with the Court on behalf of various so-called trusts. As is the case here, those petitions were dismissed on the ground that they were not filed by a proper party. See Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2003-56; Rancho Residential Servs. Trust v. Commissioner, T.C. Memo. 2003-57; Sunshine Residential Trust v. Commissioner, T.C. Memo. 2003-59 (and cases cited therein at n.16).

changed the terms of the trust after his purported appointment as successor trustee. Significantly, the recordation information on the purported trust instrument in Residential Mgmt. Servs. Trust and the recordation information in the present case are in numerical order. Thus, it appears that the trust instrument here was also not recorded in its entirety. Furthermore, the purported minutes, including the signatures, submitted in the present case are identical to the minutes submitted in Sunshine Residential Trust v. Commissioner, T.C. Memo. 2003-59, Rancho Residential Servs. Trust v. Commissioner, T.C. Memo. 2003-57, and Residential Mgmt. Servs. Trust. Because none of the purported minutes state the organization that they pertain to, it appears that Robert Hogue simply copied the same purported minutes for each case and submitted them as the Home Health minutes in the present case. Thus, the record creates doubt as to the authenticity of the purported trust instrument in its entirety and of its related documents. "Paper records, no matter how seemingly authentic, can be easily made to mask reality." Comer Family Equity Pure Trust v. Commissioner, T.C. Memo. 1990-316, affd. 958 F.2d 136 (6th Cir. 1992). Because he provided only a copy of a trust instrument without any certification as to its authenticity other than his own uncorroborated and self-serving assertions, we have serious doubts that Robert Hogue has presented the Court with Home Health's valid and complete trust

instrument.  See <u>Residential Mgmt. Servs. Trust v. Commissioner</u>,

<u>supra</u>.  Thus, we do not accept Robert Hogue's unverified

testimony that he is the trustee for Home Health.

Even assuming arguendo that the purported trust instrument

is authentic, Robert Hogue has still failed to establish that he

was appointed successor trustee for Home Health in accordance

with paragraph Eighth of the purported trust instrument.  That

paragraph provides, in pertinent part, that "A Successor-Trustee

may be appointed by the current Trustee or Trustees, a court of

competent jurisdiction, or by consensus with the and [sic]

Beneficiaries if the First Trustee resigns with 30 days

notice".[10]  The record does not contain any evidence that the

resigning trustee provided 30 days' notice.  At best, there is a

purported appointment document dated July 15, 1997, and a

questionable purported resignation letter wherein Douglas J.

Carpa purportedly provides notice of his resignation.  However,

the purported resignation letter is undated.  The evidence

suggests that the resignation letter was created on or about July

15, 1997.  The fact of the matter, however, is that Robert Hogue

purportedly in his capacity as "trustee" signed the resignation

letter accepting notice of Douglas J. Carpa's resignation.

Similar to the case in <u>Residential Mgmt. Servs. Trust v.</u>

---

[10]  We need not and do not address whether Douglas J. Carpa
has such valid authority under the law of any relevant
jurisdiction.

Commissioner, supra, Robert Hogue's purported actions relating to Home Health predated his purported appointment as successor-trustee.

Accordingly, we hold that evidence necessary to support the contention that Robert Hogue was vested with authority to institute this action on behalf of Home Health is lacking. Therefore, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion.

All of the arguments and contentions that have not been analyzed herein have been considered but do not require any further discussion.

In order to give effect to the foregoing,

An order of dismissal for lack of jurisdiction will be entered.