T.C. Memo. 2003-56

UNITED STATES TAX COURT

RESIDENTIAL MANAGEMENT SERVICES TRUST, ROBERT HOGUE, TRUSTEE,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2210-02.                    Filed March 3, 2003.

Robert Hogue, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.[2] Respondent maintains that the petition was not filed by a trustee authorized to bring suit on behalf of Residential Management Services Trust (Residential Management).[3]  As discussed in detail below, we shall grant respondent's motion and dismiss this case for lack of jurisdiction.

Background

A.  Notice of Deficiency

Respondent issued a notice of deficiency to Residential Management determining a deficiency in, an addition to, and a penalty on its Federal income tax as follows:

| Year | Deficiency | Addition To Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|----------------------------------|----------------------------------------|
| 1997 | $131,400 | $26,280 | $26,280 |

The deficiency in income tax is based on the disallowance of deductions claimed by Residential Management on Schedule C,

---

[2]  This case was consolidated for hearing with three related cases in which Robert Hogue also filed petitions purportedly as "trustee" on behalf of various so-called trusts.  See Rancho Residential Servs. Trust v. Commissioner, T.C. Memo. 2003-57; Home Health Servs. Trust v. Commissioner, T.C. Memo. 2003-58; Sunshine Residential Trust v. Commissioner, T.C. Memo. 2003-59.

[3]  Use of the terms "trust" and "trustee" (and their derivatives) is intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

Profit or Loss from Business.  In this regard, respondent determined that the deductions:

> are disallowed because you failed to establish the amount, if any, that was paid during the taxable year for ordinary and necessary business expenses, and you failed to establish the cost or other basis of the property claimed to have been used in business.

B.  Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency.[4]  The petition was signed by Robert Hogue as Residential Management's purported "trustee".

Paragraph 4 of the petition, which sets forth the bases on which the notice of deficiency is challenged, alleges as follows:

> (1) The Statutory Notice of Deficiency was issued to petitioner claiming petitioner had unreported income. Petitioner denies having any unreported income.  (2) Attached to the Notice of Deficiency, IRS Form 4549-A, income tax examination changes, line 9 states, "Total Corrected Tax Liability."  Petitioner denies having a tax liability.  (3) Respondent has failed to provide the petitioners [sic] with the USC Title 26 taxing statute that applies.  (4) Respondent has failed to provide the petitioners [sic] with certified assessment information as per Internal Revenue Regulation 301.6203-1.  (5) Respondent has failed to identify the individual who will certify to the tax adjustments the determination was based on.  (6) Petitioner claims, the Notice of Deficiency, the claimed tax liability, and the claimed unreported income, are all based on unfounded and hearsay evidence[;] no examination of books and records has been done so we are presuming this is a naked assessment.  (7) There can be no

---

[4]  Residential Management's principal place of business was in California at the time that the petition was filed with the Court.

meaningful administrative hearing until respondent provides petitioner with certified evidence to support the Notice of Deficiency and the claimed tax liability.

C.  Respondent's Motion

Respondent filed a motion to dismiss for lack of jurisdiction.  In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction "on the ground that the petition was not filed by a trustee authorized to bring suit on behalf of the trust".

Respondent attached to the motion to dismiss, inter alia, a five-page purported trust instrument dated May 24, 1994 (1994 trust instrument),[5] and a document entitled "Trustee Resignation/ Appointment of Successor-Trustee" dated July 15, 1997, wherein one Douglas J. Carpa, "trustee", purportedly appoints Robert Hogue the successor trustee for Residential Management (appointment document).[6]

---

[5]  Respondent represents that the 1994 trust instrument was provided to him by Robert Hogue, a representation that Robert Hogue does not deny.  We also note that the 1994 trust instrument is a copy of the trust instrument submitted by Robert Hogue in his first case before this Court involving Residential Management that was dismissed on the ground that Robert Hogue was not a proper person authorized to petition the Court on behalf of the trust.  See Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297 (involving the 1995 tax year); see also Residential Mgmt. Servs. Trust v. Commissioner, docket No. 9119-00 (involving the 1996 tax year and dismissed on the same basis).

[6]  With the exception of the name of the so-called trust, the appointment document is identical to the appointment document submitted to the Court by Robert Hogue in numerous cases before this Court that were dismissed on the ground that Robert Hogue

(continued...)

The 1994 trust instrument provides, in pertinent part, as follows:

[Begin unnumbered cover page]
* * * * * * *
THIS DOCUMENT IS CREATED UNDER COMMON LAW
RIGHT OF CONTRACT IN WASHINGTON D.C.

RESIDENTIAL MANAGEMENT SERVICES[7]

A Trust Organization and/or Pure Trust executed Under
The Constitutional Laws of the United States of America

Dated: MAY 24, 1994
[End unnumbered cover page]

DECLARATION OF IRREVOCABLE TRUST

This Declaration of Irrevocable Trust is created this 24TH DAY OF MAY 1994, between CONTRACT ADMINISTRATORS TRUST, of Washington, D.C., hereinafter called the SETTLOR and AMERICAN COMMON TRUST, Washington, D.C., with mailing address of Tempe, Arizona, Douglas J. Carpa, Trust Officer, hereinafter called the TRUSTEE, who are legal entities holding full title, not as individuals, but collectively as the Board under the name of RESIDENTIAL MANAGEMENT SERVICES * * *.

---

6(...continued)
was not a proper person authorized to petition the Court on behalf of the "trust". See Rancho Residential Facility Trust v. Commissioner, docket No. 9120-00; Residential Mgmt. Servs. Trust v. Commissioner, docket No. 9119-00 (involving the 1996 tax year); Home Health Servs. Trust v. Commissioner, docket No. 9118-00; Sunshine Trust v. Commissioner, docket No. 9117-00; Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297 (involving the 1995 tax year); cases cited supra n.2.

7 The record indicates that Residential Management Services and Residential Management Services Trust are one and the same.

## FIRST

The SETTLOR hereby irrevocable [sic] assigns, conveys and gives to the Trustee, in trust, the following property:

Cash: $100.00;

## SECOND

The Trustee shall open and maintain such bank accounts as necessary to receive and hold said financial property, together with any additions thereto in trust for the use and benefit of the Trust Certificate Holders.  Certificate 001 for 100 Trust Certificate Units issued as indicated below:

  SHASTA ENTERPRISES      TRUST CERTIFICATE UNITS 100

## THIRD

This trust shall be irrevocable and amenable as described herein by appropriate Minute and hereby affirmed that the trust created by this agreement shall be irrevocable by the SETTLOR or by any other person or entity. * * *

## FOURTH

This agreement and trust created hereby shall be administered, managed, governed and regulated in all respects according to the applicable statutes of the Uniform Trustees' Powers Act and The Constitution of the United States.  This trust shall be domiciled in the City of Washington, District of Columbia.  This Trust Organization shall enjoy the benefits of the Uniform Commercial Code adopted by the City of Washington, District of Columbia in the following citations: section 28:1-105, TERRITORIAL APPLICATION OF THIS SUBTITLE; PARTIES' POWER TO CHOOSE APPLICABLE LAW, and section 28:1-207, PERFORMANCE OR ACCEPTANCE UNDER RESERVATION OF RIGHTS.

        *       *       *       *       *       *       *

EIGHTH

* * * <u>A Successor-Trustee may be appointed by a court of competent jurisdiction or by consensus with the Trust Managers and Beneficiaries if the First Trustee resigns with 30 days notice.</u>

    *       *       *       *       *       *       *

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above written.

| _____/s/_____ | _____/s/_____ |
| --- | --- |
| CONTRACT ADMINISTRATORS TRUST, SETTLOR, Enrique Almodovar | AMERICAN COMMON TRUST FIRST TRUSTEE, Douglas J. Carpa, Trust Officer |

[Emphasis added.[8]]

The recordation information stamped on the unnumbered cover page of the 1994 trust instrument states as follows:

> OFFICIAL RECORDS OF
> MARICOPA COUNTY [AZ] RECORDER
> HELEN PURCELL
> 94-0416997  05/25/94   10:25
> LILIAN   2 of 3[9]

Upon the filing of respondent's motion to dismiss, the Court issued an order directing Residential Management to file an objection, if any, to respondent's motion, taking into account

---

[8] Enrique Almodovar and Douglas J. Carpa both purportedly appeared before a notary public in Maricopa County, Arizona, and purportedly executed the trust instrument on May 24, 1994.

[9] We note that the recordation information in the present case is in numerical order with the recordation information on the trust instrument submitted to the Court by Robert Hogue on behalf of a related trust, Home Health Services Trust, to wit: Official Records of Maricopa County [AZ] Recorder, Helen Purcell, 94-0416998, 05/25/94, 10:25, LILIAN 3 of 3.  See <u>Home Health Servs. Trust v. Commissioner</u>, T.C. Memo. 2003-58; <u>Home Health Servs. Trust v. Commissioner</u>, docket No. 9118-00.

Rule 60, and to attach to the objection a copy of the trust instrument or other documentation showing that the petition was filed by a fiduciary legally entitled to institute a case on behalf of Residential Management.  The Court subsequently extended the time within which the objection was to be filed.

D.  Robert Hogue's Objection

Ultimately, the Court received an objection, which was signed by Robert Hogue, to respondent's motion to dismiss. Paragraph 5 of the objection states:

> ROBERT HOGUE presented a Trust instrument for the court which is a Contractual Contract Trust based on common law & the United States Constitution, Article One, Section 10., MR. HOGUE also presented notarized documentation to the court to show his acceptance of Trusteeship.  As well as further documentation such as form 56, Fiduciary Signature card showing Robert Hogue as wet signature on bank account.  At best this site is frivolous and without merit.  The court is trying to mislead the petitioner in this court action.  ROBERT HOGUE is the only person who can represent the trust. His description as Trustee for Residential Management is well established in his everyday work as Trustee.

Attached to the objection are copies of, inter alia, another five-page purported trust instrument dated May 24, 1994 (the altered trust instrument) and documents entitled "Monthly Management Meeting" (purported minutes).

The altered trust instrument, including the unnumbered cover page and recordation information, is essentially identical to the 1994 trust instrument with the exception of the following:

SECOND

The Trustee shall open and maintain such bank accounts
as necessary to receive and hold said financial
property, together with any additions thereto in trust
for the use and benefit of the Trust Certificate
Holders.  Certificate 001 for 100 Trust Certificate
Units issued as indicated below:

John Carey 25 CU [certificate units] * * *
George Carey 25 CU * * *
Malia Carey 25 CU * * *
Byron Carey 25 CU * * *

      *      *      *      *      *      *      *

EIGHTH

* * * <u>A Successor-Trustee may be appointed by the
current Trustee or Trustees, a court of competent
jurisdiction, or by consensus with the and [sic]
Beneficiaries if the First Trustee resigns with 30 days
notice.</u> [Emphasis added.]

The purported minutes, which are dated July 28, August 25,

September 27, October 27, November 24, and December 29, 1997, are

each one page long and contain a "Sign in Log" with various

signatures, including Robert Hogue's purported signature.[10]

However, the purported minutes do not state the organization that

the minutes pertain to, nor do the purported minutes document

Douglas J. Carpa's alleged notice of resignation, nor Robert

Hogue's alleged appointment as the successor trustee for

---

[10]  All six of these purported minutes are identical copies
of the same six purported minutes submitted to the Court by
Robert Hogue in numerous cases before this Court that were
dismissed on the ground that Robert Hogue was not a proper person
authorized to petition the Court on behalf of the trust.  See
cases cited <u>supra</u> n.2.

Residential Management, nor Robert Hogue's or any trustee's alleged authority to alter the 1994 trust instrument.

Also attached to the objection are an Account Summary, dated November 27, 1996, from the California State Employment Development Department identifying a James G. Gaynor[11] as the "trustee" of Residential Management, and a provision of the Revised Statutes of Nova Scotia, Canada.[12]

E. Respondent's Response

At the Court's direction, respondent filed a response to the foregoing objection challenging the authenticity of the altered trust instrument. Respondent further contends that the objection is nearly identical to a previous objection filed by Robert Hogue in Residential Mgmt. Servs. Trust v. Commissioner, docket No. 9119-00, which was dismissed for lack of jurisdiction. Respondent attached to his response, inter alia, an undated document, which had been furnished to him by Robert Hogue,

---

[11] James G. Gaynor is not otherwise identified or mentioned in the record.

[12] Specifically, Robert Hogue attached Nova Scotia's "Trustee Act, Chapter 479 of the Revised Statutes, 1989 amended 1992, c. 8, s. 37; 1994-95, c. 19", which has no relevance to the present case. See Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297.

entitled "Letter of Resignation" (resignation letter)[13] that
states:

LETTER OF RESIGNATION

To the TRUSTEES of
RESIDENTIAL MANAGEMENT SERVICES
5505 Connecticut Ave., NW, #200
Washington, D.C. 20015

Dear Board of Trustees:

I hereby tender my resignation as Trustee of
RESIDENTIAL MANAGEMENT SERVICES, effective at the close
of the [sic] July 15, 1997.

/s/
American Common Trust,
Douglas Carpa, Trust Officer

Notice of Acceptance of Resignation:

/s/
Bob Hogue, Trustee

F.   Hearing on Respondent's Motion

This matter was called for hearing at the Court's trial
session in San Francisco, California.  Counsel for respondent
appeared at the hearing and offered argument and evidence in
support of respondent's motion to dismiss.  Specifically,
respondent presented to the Court a certified copy of the 1994
trust instrument that was filed with the Maricopa County Recorder

---

[13]   With the exception of the name of the so-called trust,
the resignation letter is an identical copy of the resignation
letter submitted to the Court by Robert Hogue in numerous cases
before this Court that were dismissed on the ground that Robert
Hogue was not a proper person authorized to petition the Court on
behalf of the trust.  See cases cited supra n.6.

in Arizona on May 25, 1994. In its entirety, the document that was filed with the Maricopa County Recorder on that date consisted of only a one-page unnumbered cover sheet that is identical to the cover sheet of both the 1994 trust instrument and the altered trust instrument.

Robert Hogue appeared pro se, purportedly on behalf of Residential Management. The only evidence he offered was his naked assertion that he is entitled to appear on behalf of Residential Management because he was appointed trustee on July 15, 1997.

G. Post-Hearing Memorandum Briefs

A memorandum brief, which was signed by Robert Hogue, does nothing more than repeat the same unsubstantiated and conclusory allegations made in the petition and in the objection; i.e., that Robert Hogue is the trustee for Residential Management.

In an answering memorandum brief, respondent contends that the facts of this case are substantially identical to the facts in Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297, holding that Robert Hogue was not properly appointed as trustee, and that Robert Hogue did not have authority to alter the 1994 trust instrument.

Discussion

According to respondent, Residential Management failed to show that Robert Hogue is its duly appointed trustee. Respondent

asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction. We agree.

It is well established that the taxpayer has the burden of affirmatively establishing all facts giving rise to the Court's jurisdiction. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); Natl. Comm. To Secure Justice v. Commissioner, 27 T.C. 837, 838-839 (1957). Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction. See Fehrs v. Commissioner, supra at 348.

Rule 60(a) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." See Rule 23(a)(1). Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived."

Robert Hogue contends that he was appointed the trustee for Residential Management in accordance with paragraph Eighth of the altered trust instrument. That paragraph provides, in pertinent

part, that "A Successor-Trustee may be appointed by <u>the current Trustee or Trustees</u>, a court of competent jurisdiction, or by consensus with the and [sic] Beneficiaries if the First Trustee resigns with 30 days notice." (Emphasis added.) However, Robert Hogue has failed to establish that the altered trust instrument supersedes the 1994 trust instrument in which paragraph Eighth provides, in pertinent part, that "A Successor-Trustee may be appointed by a court of competent jurisdiction or by consensus with the Trust Managers and Beneficiaries if the First Trustee resigns with 30 days notice". As it pertains to the question of whether Robert Hogue is Residential Management's trustee, we conclude that the 1994 trust instrument controls our disposition of this case.

According to the 1994 trust instrument, Residential Management was purportedly created on May 24, 1994, and Douglas J. Carpa was purportedly appointed "trustee". Douglas J. Carpa then resigned and purportedly appointed Robert Hogue successor trustee on July 15, 1997. However, the 1994 trust instrument did not grant Douglas J. Carpa the authority to appoint a successor trustee. As a result, Robert Hogue would have this Court rely, not on the 1994 trust instrument, but on the altered trust instrument to find that Douglas J. Carpa had unilateral authority to appoint Robert Hogue successor trustee.

In support of his contention, Robert Hogue testified that he

personally altered the 1994 trust instrument to allow the resigning trustee to appoint the successor trustee. At trial, the following colloquy ensued:

> ROBERT HOGUE: A trust is capable of amending any and all parts of a trust, irrevocable or revokable. It was amended that Robert Hogue be appointed by the successor trustee. It's Section 8 in this trust, the evidentiary trust, that are being challenged today, that the trustee for the prior years and the trustee, which is Robert Hogue today, agreed on these facts, by the moment of the minutes.

>     *      *      *      *      *      *      *

> ROBERT HOGUE: Okay. A complex trust, Black's Law Dictionary, has full control, full discretion of the minutes. So the two trustees got together, or the original trustee, for these trusts got together and appointed Robert Hogue as trustee.

> It's been brought into the trust through the minutes from that period of time.

>     *      *      *      *      *      *      *

> We changed the articles of the trust to read that that trustee could appoint me as trustee.

>     *      *      *      *      *      *      *

> RESPONDENT: The Tax Court's opinion in, Judge Halpern's opinion in the 1995 case, * * * the second article of that trust instrument * * * listed the sole certificate holder as being Shasta Enterprises. Can you explain to me how this document that you represented to the Court is the trust instrument [the altered trust instrument], contains a different provision than the document [the 1994 trust instrument] that was introduced into evidence [in Judge Halpern's case]?

> ROBERT HOGUE: Absolutely. A trustee that has full discretion can change any article of a trust at any time. I placed them in there.

RESPONDENT: How did you do that?

ROBERT HOGUE: By my own wishes.

RESPONDENT: Do you have the trust instrument on a computer?

ROBERT HOGUE: Do I have it on a computer?

RESPONDENT: How did you, physically, how did you make the change to the trust instrument?

ROBERT HOGUE: I had the documents to do it.  The little disk.

RESPONDENT: A computer disk?

ROBERT HOGUE: Sure.

RESPONDENT: So you put the computer disk into a computer and you typed over the earlier terms of the trust?

ROBERT HOGUE: I didn't type over.  I just modified it.

     *      *      *      *      *      *      *

RESPONDENT: * * * I direct your attention to the eighth article, where it states how a successor trustee is appointed.

     *      *      *      *      *      *      *

RESPONDENT: Okay.  In the version of the trust instrument that was presented into evidence in the earlier case, it stated as Judge Halpern quoted in his opinion, that a successor trustee could be appointed either by a court or by concurrence between the trust beneficiaries.

So again, is it your testimony that you  * * * replaced this provision with what was in the earlier version of the trust instrument?

ROBERT HOGUE: Absolutely.

RESPONDENT: You however in presenting this opposition to the Court, made no representation anywhere in this document, that the trust instrument that you presented, was altered from the, at least, earlier version.  You did not draw the Court's attention to the fact that you had altered the document.

ROBERT HOGUE: Is there any law that says I had to?  Did the Court demand me to?

RESPONDENT: Can you answer the question?

ROBERT HOGUE: No, I did not.

Robert Hogue thus claims that as the trustee for Residential Management, he was authorized to alter the 1994 trust instrument, and that in his capacity as trustee, he added the provision authorizing the resigning trustee to appoint a successor trustee.[14]  By Robert Hogue's own admission, he created the altered trust instrument after his purported appointment as trustee.  Therefore, we conclude that the altered trust instrument is not relevant to the present case.

We have grave doubts about the authenticity of the altered trust instrument.  However, assuming arguendo that it was created before July 15, 1997, this does not help Robert Hogue.  No

---

[14]  At the hearing, Robert Hogue testified indignantly that he could not recall when he created the altered trust instrument.  However, the record suggests that the altered trust instrument may have been created after this Court's trial session in Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297, held on June 5, 2000, wherein the Court rested its decision on the fact that paragraph Eighth of the 1994 trust instrument did not authorize the resigning trustee to appoint a successor trustee.

provision of the 1994 trust instrument authorizes Robert Hogue (a third party individual unrelated to Residential Management before July 15, 1997) to alter the 1994 trust instrument.[15] Furthermore, there is no evidence that the resigning trustee provided 30 days' notice of his intent to resign as required by paragraph Eighth of either the 1994 trust instrument or the altered trust instrument. At best, any notice of Douglas J. Carpa's purported resignation occurred on July 15, 1997, as demonstrated by the appointment document and the resignation letter. In view of the foregoing, we reiterate our conclusion that the 1994 trust instrument was the controlling instrument at all relevant times.

This Court has previously held in Residential Mgmt. Servs. Trust v. Commissioner, T.C. Memo. 2001-297, that Robert Hogue was not properly appointed as trustee under the provisions of the 1994 trust instrument. Because the 1994 trust instrument is also controlling in the present case and the facts are identical as to the issue of whether Robert Hogue is the duly appointed trustee, we need not repeat the analysis here. Accordingly, we hold that evidence necessary to support the contention that Robert Hogue

---

[15] Even if the altered trust instrument were the product of Douglas J. Carpa, the purported trustee who "resigned" in favor of Robert Hogue, we need not and do not address whether Douglas J. Carpa had such authority under the law of any relevant jurisdiction because there is no evidence in the record that the alteration was permitted by paragraph Third of either the 1994 trust instrument or the altered trust instrument.

was vested with authority to institute this action on behalf of Residential Management is lacking.  Therefore, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion.[16]

All of the arguments and contentions that have not been analyzed herein have been considered but do not require any further discussion.

In order to give effect to the foregoing,

<u>An order of dismissal for</u>

<u>lack of jurisdiction will be</u>

<u>entered</u>.

---

[16]  Robert Hogue is no stranger to this Court and has filed numerous petitions with the Court on behalf of various so-called trusts.  As is the case here, those petitions were dismissed on the ground that they were not filed by a proper party.  See <u>Bella Vista Chiropractic Trust v. Commissioner</u>, T.C. Memo. 2003-8; <u>Deschutes Rd. Trust v. Commissioner</u>, T.C. Sum. Op. 2003-4; <u>Acme Equip. Trust v. Commissioner</u>, T.C. Sum. Op. 2003-3; <u>Remedios Chiropractic Clinic Trust</u>, docket No. 11070-01; <u>JREP Trust v. Commissioner</u>, docket No. 9795-01L; <u>PERJ Trust v. Commissioner</u>, docket No. 9794-01L; <u>CSM Trust v. Commissioner</u>, docket No. 9796-01L; <u>Family Chiropractic Trust v. Commissioner</u>, docket No. 7378-01; <u>R&R Trust v. Commissioner</u>, docket No. 7379-01S; <u>PERJ Trust v. Commissioner</u>, docket No. 6727-01; <u>JREP Trust v. Commissioner</u>, docket No. 6726-01; <u>MARFRAN Trust v. Commissioner</u>, docket No. 12427-00S; <u>Remedios Chiropractic Clinic Trust v. Commissioner</u>, docket No. 12426-00; <u>BLR-SLR Trust v. Commissioner</u>, docket No. 12425-00S; <u>Rancho Residential Facility Trust v. Commissioner</u>, docket No. 9120-00; <u>Residential Mgmt. Servs. Trust v. Commissioner</u>, docket No. 9119-00; <u>Home Health Servs. Trust v. Commissioner</u>, docket No. 9118-00; <u>Sunshine Trust v. Commissioner</u>, docket No. 9117-00; <u>Residential Mgmt. Servs. Trust v. Commissioner</u>, T.C. Memo. 2001-297.