T.C. Memo. 2003-8

UNITED STATES TAX COURT

BELLA VISTA CHIROPRACTIC TRUST, ROBERT HOGUE, TRUSTEE,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3296-02.                    Filed January 8, 2003.

Jeremy L. McPherson and Melinda G. Williams, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

_____

     [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, as supplemented.  Respondent maintains that the petition was not filed by a trustee authorized to bring suit on behalf of Bella Vista Chiropractic Trust (Bella Vista).[2]  Bella Vista opposes respondent's motion to dismiss.  As discussed in detail below, we shall grant respondent's motion, as supplemented, and dismiss this case for lack of jurisdiction.

Background

A.  Notice of Deficiency

Respondent issued a notice of deficiency to Bella Vista determining deficiencies in its Federal income taxes and accuracy-related penalties under section 6662(a) as follows:

| Year | Deficiency | Accuracy-related Penalty |
|------|-----------|--------------------------|
| 1997 | $89,261 | $17,852 |
| 1998 | 106,028 | 21,206 |

The deficiencies in income taxes are based on the disallowance of deductions claimed by Bella Vista on Schedules C, Profit or Loss From Business.  In this regard, respondent determined that the deductions:

---

[2]  Use of the terms "trust" and "trustee" (and their derivatives) are intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

are disallowed because you failed to establish the amount if any, that was paid during the taxable year for ordinary and necessary business expenses. And you failed to establish the cost or other basis of the property claimed to have been used in business.

B. Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency. The petition was signed by Robert Hogue as Bella Vista's purported "trustee".

Paragraph 4. of the petition, which sets forth the bases on which Bella Vista challenges the notice of deficiency, alleges as follows:

(1) The District Director issued a Statutory Notice of Deficiency claiming petitioner had a tax liability without there being a statutorily procedural correct lawful tax assessment. (2) Attached to the Notice of Deficiency, IRS Form 4549-A, income tax examination changes, line 11 states, "Total Corrected Tax Liability." Respondent has failed to provide the petitioners [sic] with the internal revenue code section or regulation that was used to calculate this total corrected tax liability. (3) The respondent has failed to provide the petitioners [sic] with certified assessment information as per Internal Revenue Regulation 301.6203-1. (4) Respondent has failed to identify the individual who will certify to the tax adjustments the determination was based on. Therefore, the deficiency is unenforceable as the determination was based on unfounded evidence. (5) There can be no meaningful administrative hearing until respondent provides petitioner with the above requested information, and until that time, petitioner will disagree with all of the alleged Tax Liability. (6) There has been no meaningful examination of books and records therefore we believe this is a Naked Assessment.

C.  Respondent's Motion and Supplement

Respondent filed a motion to dismiss for lack of jurisdiction.  In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction "on the ground that the petition was not filed by a trustee authorized to bring suit on behalf of the trust."

Upon the filing of respondent's motion to dismiss, the Court issued an Order directing Bella Vista to file an objection, if any, to respondent's motion, taking into account Rule 60 and attaching to its objection a copy of the trust instrument or other documentation showing that the petition was filed on behalf of a fiduciary legally entitled to institute a case on Bella Vista's behalf.

Shortly after the issuance of the foregoing Order, respondent filed a Supplement to respondent's motion to dismiss, attaching thereto copies of certain documents that respondent had just received from Robert Hogue.  The Court then extended the time within which Bella Vista was to file any objection to respondent's motion to dismiss, as supplemented.

D.  Bella Vista's Objection

Ultimately, the Court received an Objection, leave for the filing of which was granted, to respondent's motion to dismiss, as supplemented.  The Objection, which was signed by Robert Hogue, has as its core thesis that this case should be

> dismissed for lack of <u>Subject Matter Jurisdiction</u> on the grounds that the Notice of Deficiency issued by respondent was issued on heresay [sic] evidence. Petitioner demands that respondent provide certified facts or evidence of a statutory correct assessment or tax liability to support any claimed deficiency. Lacking a statutory correct assessment or tax liability the notice of deficiency is null and void and this court does not have <u>Subject Matter Jurisdiction.</u>

The Objection also states that Robert Hogue has authority to represent the trust in this matter.

Attached to the Objection are copies of two purported trust instruments. The first purported trust instrument is dated January 1, 1994, and it identifies E.E. Salera D.C. as the "creator"[3] of Bella Vista Chiropractic Clinic Trust.[4] This instrument states that the trust shall have at least two trustees. Although the instrument identifies a Michael Welch and an Edmond A. Salera as the trustees, only Michael Welch purportedly executed the document accepting his appointment as a trustee; in contrast, there is nothing in the document (or otherwise in the record) demonstrating that Edmond A. Salera purported to accept his appointment as a trustee.

---

[3] E.E. Salera, also known as Edmond E. Salera, has a case pending before the Court assigned docket No. 3051-02. It appears that the letters "D.C." following his name in the purported trust instrument are an abbreviation for doctor of chiropractic.

[4] The record indicates that Bella Vista Chiropractic Clinic Trust and Bella Vista Chiropractic Trust are one and the same.

The second purported trust instrument is dated January 13, 1997, and it identifies a Carol Ruthenberg as the "creator" (or "sovereign creator") of Bella Vista Chiropractic Trust and Robert Hogue as "legal trustee" (or "sovereign trustee"). Notwithstanding its date of January 13, 1997, the instrument identifies as an "article of personal property" subject to the trust "One 2000 Honda Accord Lic# 4kmx 255" (Emphasis added). The instrument also states that there need not be more than one trustee.

Both purported trust instruments represent that they were executed within the State of California and that California State law is controlling.

E. Respondent's Response

At the Court's direction, respondent filed a Response to the foregoing Objection. Simultaneously respondent filed a Declaration, attaching thereto (inter alia) copies of Forms 1041, U.S. Income Tax Return for Estates and Trusts, filed in the name of Bella Vista Chiropractic Trust for 1997 and 1998. These returns, which were executed by Robert Hogue on October 7, 1998, and October 15, 1999, respectively, list the date the entity was created as January 1, 1994.

F. Bella Vista's Failure To Reply

After considering respondent's Response and Declaration, the Court directed Bella Vista to file a reply. Bella Vista failed

to do so.

G. <u>Hearings on Respondent's Motion</u>

This matter was called for hearing at the Court's motions sessions held in Washington, D.C., on September 25, 2002 and October 23, 2002. Counsel for respondent appeared at the hearings and offered argument and evidence in support of respondent's motion to dismiss, as supplemented. There was no appearance by or on behalf of Bella Vista at either hearing, nor did Bella Vista file any written statement pursuant to Rule 50(c).

<u>Discussion</u>

According to respondent, Bella Vista failed to show that Robert Hogue is its duly appointed trustee. Respondent asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction. We agree.

It is well settled that the taxpayer has the burden of proving the Court's jurisdiction by affirmatively establishing all facts giving rise to our jurisdiction. See <u>Patz Trust v. Commissioner</u>, 69 T.C. 497, 503 (1977); <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Natl. Comm. To Secure Justice v. Commissioner</u>, 27 T.C. 837, 838-839 (1957). Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we

are without jurisdiction.  See Fehrs v. Commissioner, supra at 348.

Rule 60(a)(1) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived."  The record shows that California State law is controlling in this case.

Under California law, a trustee is authorized to commence litigation on behalf of a trust.  Cal. Prob. Code sec. 16249 (West Supp. 2002).  However, Bella Vista has failed to provide the Court with the documentary evidence necessary to support its contention that Robert Hogue was vested with authority to institute this action on its behalf.  As it pertains to the question of Robert Hogue's status as a duly appointed trustee of Bella Vista, the record in this case is, at best, muddled.

As previously discussed, Bella Vista presented the Court with two versions of the purported trust instrument.  The first document, dated January 1, 1994, identifies E.E. Salera D.C. as "creator" and a Michael Welch and an Edmond A. Salera as trustees.  The second document, dated January 13, 1997,

identifies a "Carol Ruthenberg" as "creator" and Robert Hogue as trustee.  Significantly, Bella Vista made no attempt to explain the patent discrepancies in the two purported trust documents--particularly the change in identity of the trust "creator" and the change in identity of the trustees.  We note further that although the 1994 version of the trust instrument required a minimum of two trustees, the 1997 version required only one trustee.

In the absence of any persuasive basis for concluding that Robert Hogue was duly appointed as the trustee of Bella Vista, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion, as supplemented.[5]

_____

[5] Robert Hogue has filed numerous petitions with the Court on behalf of various so-called trusts.  As is the case here, those petitions were dismissed on the ground they were not filed by a proper party.  See Remedios Chiropractic Clinic Trust, Robert Hogue, Legal Tr., docket No. 11070-01; JREP Trust, Robert Hogue, Tr. v. Commissioner, docket No. 9795-01L; PERJ Trust, Robert Hogue, Tr. v. Commissioner, docket No. 9794-01L; R&R Trust, Robert Hogue, Tr. v. Commissioner, docket No. 7379-01S; Family Chiropractic Trust, Robert Hogue, Tr. v. Commissioner, docket No. 7378-01; PERJ Trust, Robert Hogue, Tr. v. Commissioner, docket No. 6727-01; JREP Trust, Robert Hogue, Tr. v. Commissioner, docket No. 6726-01; MARFRAN Trust, Robert Hogue, Legal Tr. v. Commissioner, docket No. 12427-00S; Remedios Chiropractic Clinic Trust, Robert Hogue, Legal Tr. v. Commissioner, docket No. 12426-00; BLR-SLR Trust, Robert Hogue, Legal Tr. v. Commissioner, docket No. 12425-00S; Rancho Residential Facility Trust, Robert Hogue, Tr. v. Commissioner, docket No. 9120-00; Residential Mgmt. Servs. Trust, Robert Hogue, Tr. v. Commissioner, docket No. 9119-00; Home Health Servs. Trust, Robert Hogue, Tr. v. Commissioner, docket No. 9118-00; Sunshine Trust, Robert Hogue, Tr. v. Commissioner, docket No. 9117-00; Residential Mgmt. Servs. Trust, Robert Hogue, Tr. v.

(continued...)

All of the arguments and contentions that have not been analyzed herein have been considered, but do not require any further discussion.

In order to give effect to the foregoing,

<u>An appropriate order will be entered</u>.

---

<u>Commissioner</u>, docket No. 10400-99, filed as  T.C. Memo. 2001-297.