T.C. Summary Opinion 2003-4

UNITED STATES TAX COURT

DESCHUTES ROAD TRUST, ROBERT HOGUE, TRUSTEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3295-02S.                    Filed January 14, 2003.

<u>Jeremy L. McPherson</u> and <u>Melinda G. Williams</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, as supplemented. Respondent maintains that the petition was not filed by a trustee authorized to bring suit on behalf of Deschutes Road Trust (Deschutes).[2] Deschutes opposes respondent's motion to dismiss. As discussed in detail below, we shall grant respondent's motion, as supplemented.

Background

A. Notice of Deficiency

Respondent issued a notice of deficiency to Deschutes determining deficiencies in its Federal income taxes and accuracy-related penalties under section 6662(a) as follows:

| Year | Deficiency | Accuracy-related Penalty |
|------|-----------|--------------------------|
| 1997 | $14,028 | $2,805 |
| 1998 | 13,983 | 2,797 |

The deficiencies in income taxes are based on the disallowance of deductions claimed by Deschutes on Schedules E, Supplemental Income and Loss. In this regard, respondent determined that the deductions:

> are disallowed because you failed to establish the amount if any, that was paid during the taxable year for ordinary and necessary business expenses. And you failed to establish the cost or other basis of the property claimed to have been used in business.

----

[2] Use of the terms "trust" and "trustee" (and their derivatives) are intended for narrative convenience only. Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

B. Petition

The Court subsequently received and filed a petition for redetermination challenging the notice of deficiency. The petition was signed by Robert Hogue as Deschutes's "trustee".

Paragraph 4. of the petition, which sets forth the bases on which Deschutes challenges the notice of deficiency, alleges as follows:

> (1) The District Director issued a Statutory Notice of Deficiency claiming petitioner had a tax liability without there being a statutorily procedural correct lawful tax assessment. (2) Attached to the Notice of Deficiency, IRS Form 4549A, income tax examination changes, line 11 states, "Total Corrected Tax Liability." Respondent has failed to provide the petitioners [sic] with the internal revenue code section or regulation that was used to calculate this total corrected tax liability. (3) The respondent has failed to provide the petitioners [sic] with certified assessment information as per Internal Revenue Regulation 301.6203-1. (4) Respondent has failed to identify the individual who will certify to the tax adjustments the determination was based on. Therefore, the deficiency is unenforceable as the determination was based on unfounded evidence. (5) There can be no meaningful administrative hearing until respondent provides petitioner with the above requested information, and until that time, petitioner will disagree with all of the alleged Tax Liability. (6) There has been no meaningful examination of books and records therefore we believe this is a Naked Assessment.

C. Respondent's Motion and Supplement

Respondent filed a motion to dismiss for lack of jurisdiction. In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction "on the ground that the petition was not filed by a trustee authorized to bring suit

on behalf of the trust."

Upon the filing of respondent's motion to dismiss, the Court issued an Order directing Deschutes to file an objection, if any, to respondent's motion, taking into account Rule 60 and attaching to its objection a copy of the trust instrument or other documentation showing that the petition was filed on behalf of a fiduciary legally entitled to institute a case on Deschutes's behalf.

Shortly after the issuance of the foregoing Order, respondent filed a Supplement to respondent's motion to dismiss, attaching thereto copies of certain documents that respondent had just received from Robert Hogue. The Court then extended the time within which Deschutes was to file any objection to respondent's motion to dismiss, as supplemented.

D. Deschutes's Objection

Ultimately, the Court received an Objection, leave for the filing of which was granted, to respondent's motion to dismiss, as supplemented. The Objection, which was signed by Robert Hogue, has as its core thesis that this case should be:

> dismissed for lack of Subject Matter Jurisdiction on the grounds that the Notice of Deficiency issued by respondent was issued on heresay [sic] evidence. Petitioner demands that respondent provide certified facts or evidence of a statutory correct assessment or tax liability to support any claimed deficiency. Lacking a statutory correct assessment or tax liability the notice of deficiency is null and void and this court does not have Subject Matter Jurisdiction.

The Objection also states that Robert Hogue has authority to represent the trust in this matter.

Attached to the Objection are copies of two purported trust instruments. The first purported trust instrument is dated January 1, 1994, and it identifies E.E. Salera D.C. as the "creator"[3] of Deschutes Road Trust. This instrument states that the trust shall have at least two trustees, and it identifies a Michael Welch and a Edmond A. Salera as the trustees. The "creator" of the trust purports to "select and appoint" Michael Welch as "the trustee"; Michael Welch then purports to "select and appoint" Edmond A. Salera as "the trustee", a power that Welch does not appear to have under the instrument. In addition, although the instrument refers to Schedules "A" through "D" that "are made a part hereof", no such schedules are attached to, or otherwise a part of, the instrument.

The second purported trust instrument is dated January 13, 1997, and it identifies a Carol Ruthenberg (also identified as Carol Ruthenburg) as the "creator" (or "sovereign creator") of Deschutes Road Trust and Robert Hogue as "legal trustee" (or "sovereign trustee"). The instrument also states that there need not be more than one trustee. Although the instrument refers to

---

[3] E.E. Salera, also known as Edmond E. Salera, has a case pending before the Court assigned docket No. 3051-02. It appears that the letters "D.C." following his name in the purported trust instrument are an abbreviation for doctor of chiropractic.

an attached Exhibit "A" enumerating "articles of personal property" subject to the trust, no such exhibit is attached.

Both purported trust instruments represent that they were executed within the State of California and that California State law is controlling.

E.  Respondent's Response

At the Court's direction, respondent filed a Response to the foregoing Objection.  Simultaneously respondent filed a Declaration, attaching thereto (inter alia) copies of Forms 1041, U.S. Income Tax Return for Estates and Trusts, filed in the name of Deschutes Road Trust for 1997 and 1998.  These returns, which were executed by Robert Hogue on October 7, 1998, and October 15, 1999, respectively, list the date the entity was created as January 1, 1994, and its employer identification number as 56-6454263.

F.  Deschutes's Failure To Reply

After considering respondent's Response and Declaration, the Court directed Deschutes to file a reply.  Deschutes failed to do so.

G.  Other Noteworthy Documents

As previously mentioned, respondent attached to the Supplement to his motion to dismiss copies of certain documents that he had just received from Robert Hogue.  See supra C. Although none of these documents included a purported trust

instrument, the documents did include various "Minutes" for "Deschutes Road Trust, Federal Tax Identification Number 56-6454263", as well as certain, partially completed bank documents bearing the same tax identification number. To the extent that these "Minutes" and bank documents bear a date, they all purport to be dated May 1, 1997.

Among the foregoing "Minutes" is one entitled "First Minutes of the Deschutes Road Trust". This document references a Robin Morgan, "creator" of the trust, who purports to appoint Robert Hogue as "legal trustee".

In the "Second Minutes of the Deschutes Road Trust", Robert Hogue purports to appoint a Carol Ruthenberg as "substitute trustee/legal agent".[4]

In yet another "Minutes", Michael Welch and Edmond A. Salera, identified as "old trustees", purport to appoint Robert Hogue as "new trustee"; Welch and Salera then purport to resign as trustees.

Among the partially completed bank documents is a "trustee certification" for Deschutes Road Trust. This document identifies the settlor of the trust as a Robin Morgan and the

---

[4] Although the "Second Minutes" are not dated, the "First Minutes", "Third Minutes", "Fourth Minutes", "Fifth Minutes", and "Sixth Minutes" are all dated May 1, 1997.

Also, we note that the various "Minutes" are followed by an undated document entitled "Resignation From the Deschutes Road Trust" that is executed by Robert Hogue.

trustee as Robert Hogue.

    H.  <u>Hearings on Respondent's Motion</u>

This matter was called for hearing at the Court's motions sessions held in Washington, D.C., on September 25 and October 23, 2002. Counsel for respondent appeared at the hearings and offered argument and evidence in support of respondent's motion to dismiss, as supplemented. There was no appearance by or on behalf of Deschutes at either hearing, nor did Deschutes file any written statement pursuant to Rule 50(c).

<u>Discussion</u>

According to respondent, Deschutes failed to show that Robert Hogue is its duly appointed trustee. Respondent asserts that as a result, no valid petition has been filed and the Court must dismiss this case for lack of jurisdiction. We agree.

It is well settled that the taxpayer has the burden of proving the Court's jurisdiction by affirmatively establishing all facts giving rise to our jurisdiction. See <u>Patz Trust v. Commissioner</u>, 69 T.C. 497, 503 (1977); <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>Natl. Comm. To Secure Justice v. Commissioner</u>, 27 T.C. 837, 838-839 (1957). Furthermore, unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on the taxpayer's behalf, we are without jurisdiction. See <u>Fehrs v. Commissioner</u>, <u>supra</u> at

348.

Rule 60(a)(1) requires that a case be brought "by and in the name of the person against whom the Commissioner determined the deficiency * * * or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person." Rule 60(c) states that the capacity of a fiduciary or other representative to litigate in the Court "shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived." The record shows that California State law is controlling in this case.

Under California law, a trustee is authorized to commence litigation on behalf of a trust. Cal. Prob. Code sec. 16249 (West Supp. 2002). However, Deschutes has failed to provide the Court with the documentary evidence necessary to support its contention that Robert Hogue was vested with authority to institute this action on its behalf. As it pertains to the question of Robert Hogue's status as a duly appointed trustee of Deschutes, the record in this case is, at best, muddled.

As previously discussed, Deschutes presented the Court with two versions of the purported trust instrument. The first document, dated January 1, 1994, identifies E.E. Salera D.C. as "creator" and a Michael Welch and an Edmond A. Salera as trustees. The second document, dated January 13, 1997, identifies a Carol Ruthenberg as "creator" and Robert Hogue as

trustee.  Significantly, Deschutes made no attempt to explain the patent discrepancies in the two purported trust documents--particularly the change in identity of the trust "creator" and the change in identity of the trustees.  We note further that although 1994 version of the trust instrument required a minimum of two trustees, the 1997 version required only one trustee.

As if the foregoing were not sufficiently confusing, yet another purported settlor of Deschutes Road, a Robin Morgan, is identified in "First Minutes" received by respondent from Robert Hogue.  Other "Minutes", described <u>supra</u> G. of the Background section of this opinion, muddle the matter further.

In the absence of any persuasive basis for concluding that Robert Hogue was duly appointed as the trustee of Deschutes Road, we shall dismiss this case for lack of jurisdiction consistent with respondent's motion, as supplemented.  See <u>Bella Vista Chiropractic Trust v. Commissioner</u>, T.C. Memo. 2003-8.

All of the arguments and contentions that have not been analyzed herein have been considered, but they do not require any further discussion.

In order to give effect to the foregoing,

<u>An appropriate order will be entered</u>.