T.C. Summary Opinion 2003-140


UNITED STATES TAX COURT


SWEETBUSH TRUST, DAVID KEITH JACOBS, TRUSTEE, ET AL.,[1]
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 7616-02S, 7621-02S,    Filed September 30, 2003.
            9460-02S, 9462-02S.

David Keith Jacobs, for petitioners.

Huong T. Duong, for respondent.


PAJAK, Special Trial Judge:  These cases were heard pursuant

to the provisions of section 7463 of the Internal Revenue Code in

effect at the time the petitions were filed.  The decisions to be

entered are not reviewable by any other court, and this opinion

---

[1] Cases of the following petitioners are consolidated
herewith: BVE Trust, David Keith Jacobs, Trustee, docket No.
7621-02S; Sweetbush Trust, David Keith Jacobs, Trustee, docket
No. 9460-02S; and BVE Trust, David Keith Jacobs, Trustee, docket
No. 9462-02S.

should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year(s) in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

These consolidated cases were heard on respondent's Motions To Dismiss For Lack Of Jurisdiction under Rule 60 in four cases involving the Sweetbush Trust and the BVE Trust.[2]  The creators of the trusts are Alan C. Schwemmer and Esther R. Schwemmer (Mr. and Mrs. Schwemmer).  The petitions in these cases were filed for Sweetbush Trust and BVE Trust by :David-Keith:Jacobs (sic) (Mr. Jacobs), a purported trustee for each trust.  The petitions are replete with tax protester arguments.

Respondent's position is that each case should be dismissed on the ground that the petition was not filed by a trustee authorized to bring suit on behalf of the trust.

Petitioners' responses to respondent's motions to dismiss were filed in docket numbers 9460-02S and 9462-02S.  Objections to respondent's motions to dismiss were filed in all four dockets.  The Objections, which were signed by Mr. Jacobs, have as the core thesis that these cases should be:

> dismissed for lack of <u>Subject Matter Jurisdiction</u> on the
> grounds that the Notice of Deficiency (Determination) issued

---

[2]  Use of the terms "trust" and "trustee" (and their derivatives) are intended for narrative convenience only.  Thus, no inference should be drawn from our use of such terms regarding any legal status or relationship.

by respondent was issued on hearsay facts and evidence. Petitioner demands that respondent provide certified facts or evidence of a statutory correct assessment or tax liability to support any claimed deficiency. Lacking a statutory correct assessment or tax liability the notice of deficiency is null and void and this court does not have Subject Matter Jurisdiction.

Insofar as we can ascertain, the facts relating to the two trusts, created the same day, are virtually identical with the exception that Richard M. Schwemmer apparently is one of the trustees in the Sweetbush Trust, and Keith A. Schwemmer apparently is one of the trustees in the BVE Trust. Hereinafter, we refer only to the Sweetbush Trust, but all comments and holdings apply equally to the BVE Trust.

Petitioner provided respondent with a Memorandum Of Trust (memorandum) dated May 19, 1992. The memorandum appointed Luther J. Wilson and Richard M. Schwemmer as trustees of the Sweetbush Trust. The memorandum provided:

> NOTWITHSTANDING any other provision in this trust instrument, no power shall be exercised, nor any action taken, by the trustees except upon the unanimous consent of all trustees having authority to exercise that power.

There is no document jointly signed by Luther J. Wilson and Richard M. Schwemmer that authorizes Mr. Jacobs to represent Sweetbush Trust.

Rule 60(a)(1) provides, in pertinent part:

> A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (in the case of a notice of deficiency) or liability (in the case of a notice of liability), or by and with the full descriptive name of the fiduciary entitled to institute a

case on behalf of such person.  See Rule 23(a)(1).  A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party.  * * *

At the hearing, the Court granted Mr. Jacobs an additional 30 days to provide documentation to refute respondent's position. Mr. Jacobs provided documentation, but it did not refute respondent's position.

The memorandum refers to the trust indenture whereby Mr. and Mrs. Schwemmer as "Creators" created a trust called Sweetbush. What is critical in this case is that Mr. Jacobs did not submit a copy of the trust indenture.  Without this trust indenture, and related documents, we do not know who the relevant trustees are, nor the powers of the trustees or others named in that instrument.  If a trustee resigns, we do not know if or how a successor trustee is appointed.  We cannot ascertain whether any of the purported documents presented by Mr. Jacobs were properly executed by the requisite number of persons so as to appoint Mr. Jacobs as trustee.  The undesignated, unsigned, undated, and incomplete documents provided by Mr. Jacobs are given no weight. The other documents, without more, are incoherent.

Although we gave Mr. Jacobs the opportunity, he did not establish a paper trail authorizing him to act as Sweetbush's trustee.  On the record before us, we find that Mr. Jacobs has

failed to establish that he is authorized to act on behalf of Sweetbush Trust. <u>Bella Vista Chiropractic Trust v. Commissioner</u>, T.C. Memo. 2003-8; <u>Jeff Burger Prods., LLC v. Commissioner</u>, T.C. Memo. 2000-72.

Respondent filed motions for summary judgment in docket numbers 9460-02S and 9462-02S. These motions will be denied as moot.

All of the arguments and contentions that have not been analyzed herein have been considered, but do not require any further discussion.

To reflect the foregoing,

<u>Orders of dismissal for lack of jurisdiction granting respondent's motions will be entered in all four dockets. Respondent's motions for summary judgment will be denied in docket Nos. 9460-02S and 9462-02S</u>.