147 T.C. No. 13

UNITED STATES TAX COURT

DAVID B. GREENBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9840-15.　　　　　　　　　Filed November 9, 2016.


　　　　P, an attorney, seeks an award of administrative costs with respect to an administrative proceeding in which P represented a taxpayer.

　　　　<u>Held</u>: I.R.C. sec. 7430 permits only a "prevailing party" to receive an award of reasonable administrative costs. Only a party to the underlying proceeding can be a prevailing party. Because P was not a party to the underlying administrative proceeding, he cannot be a prevailing party under the statute. Therefore P is not the proper party to file a claim under I.R.C. sec. 7430, and we lack jurisdiction.


David B. Greenberg, pro se.

<u>Ladd Christman Brown, Jr.</u>, for respondent.

OPINION

PUGH, Judge:  Petitioner seeks review of respondent's decision to deny petitioner's application for an award of administrative costs under section 7430.[1] This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  Respondent's motion asserts that petitioner is not the proper party to file a claim under section 7430(f)(2).

Background

The following facts are not disputed.

Petitioner, an attorney and resident of Florida, seeks the award of administrative costs (his attorney's fees) with respect to an earlier administrative proceeding in which he represented a taxpayer (his client) before the Internal Revenue Service (IRS) pursuant to a power of attorney.  His client's matter eventually was resolved.  Petitioner was owed fees for this representation that remain outstanding, and his client agreed that petitioner would receive any administrative fees awarded under section 7430.

On September 17, 2014, petitioner sent a letter to the IRS applying for administrative costs under section 7430 on behalf of his client.  On December 27,

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, in effect at all relevant times.

2014, petitioner sent another letter requesting the award of administrative costs on his own behalf. Petitioner discussed the award of administrative costs with an IRS Appeals officer. The Appeals officer did not award them. Petitioner then filed his petition on April 15, 2015.

In his petition, petitioner originally argued that he was assigned the right to pursue the award by his client and therefore has the right to seek attorney's fees on his own behalf. In his response to respondent's motion to dismiss for lack of jurisdiction, petitioner conceded that the Anti-Assignment Act, 31 U.S.C. sec. 3727(b) (2012), bars the assignment of a legal suit against the U.S. Government. In his response petitioner clarified that he was pursuing the claim as it related to his own rights and not on behalf of his former client. As petitioner has dropped that argument, we will not address the Anti-Assignment Act and will address petitioner's arguments only as they relate to what right he possesses in his individual capacity to claim administrative costs.

## Discussion

### I. Jurisdiction Generally

The Tax Court is a court of limited jurisdiction. We may exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). Whenever it appears that we may not have

jurisdiction, we must address that question; and we have jurisdiction to do so. Stewart v. Commissioner, 127 T.C. 109, 112 (2006); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960). In doing so we are mindful that the Supreme Court has "endeavored in recent years to 'bring some discipline' to the use of the term 'jurisdictional.'" Gonzalez v. Thaler, 565 U.S. ___, ___, 132 S. Ct. 641, 648 (2012) (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011)); see Henderson, 562 U.S. at 435 ("We have urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction."); Lippolis v. Commissioner, 143 T.C. 393, 396 (2014).

Historically, this Court has treated the issue of who is a proper party to file a petition as jurisdictional. See Greenoak Holdings Ltd. v. Commissioner, 143 T.C. 170 (2014) (holding that this Court lacks jurisdiction over a petition filed under section 6330 by a party who is neither the taxpayer nor an authorized representative of the taxpayer because "person", as it is used in the statute, refers to the party owing the tax); Fehrs v. Commissioner, 65 T.C. 346, 348 (1975) ("[I]t is well settled that unless the petition is filed by the taxpayer, or by someone lawfully authorized to act on his behalf, we are without jurisdiction."); Bella Vista Chiropractic Tr. v. Commissioner, T.C. Memo. 2003-8 (granting the

Commissioner's motion to dismiss for lack of jurisdiction where the taxpayer failed to show that the person who filed the petition was a duly appointed trustee); see also Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 113 (1978) ("[T]his Court has historically viewed capacity as a major element necessary to invoke its jurisdiction."). Whether petitioner is a proper party to file a claim under section 7430 is a jurisdictional question, and we now turn to whether petitioner is a proper party.

II. Section 7430

If the requirements of section 7430 are met, a party may recover from the Commissioner certain costs (including attorney's fees) incurred in connection with administrative proceedings in which the party prevails. Sec. 7430(a), (c)(2)(B). Section 7430(a) provides in part:

> SEC. 7430. AWARDING OF COSTS AND CERTAIN FEES.
>
> (a) In General.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--
>
> > (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service * * *

Section 7430(f)(2) grants the Court jurisdiction over petitions filed to contest a decision denying administrative costs. It provides, in part: "A decision granting or denying (in whole or in part) an award for reasonable administrative costs under subsection (a) by the Internal Revenue Service shall be subject to the filing of a petition for review with the Tax Court".

In his motion to dismiss respondent argues that section 7430 permits only a "prevailing party" to seek an award of administrative costs and that petitioner is not a prevailing party under section 7430 because he was not a party to the underlying proceeding.

III. Proper Party Under Section 7430

A. "Prevailing Party" Under Section 7430

Section 7430(f)(2) does not specify who may file a petition. The only limitation on claimants appears in section 7430(a), which limits awards of administrative costs to a "prevailing party". See, e.g., Grant v. Commissioner, 103 F.3d 948, 951 (11th Cir. 1996) ("Under the statute, a judgment for costs may be entered in favor of the taxpayer if he 1) was the 'prevailing party,' 2) has exhausted all available administrative remedies and 3) did not unreasonably protract the proceedings."), aff'g T.C. Memo. 1995-374; Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993) ("Before litigation costs may be awarded under

section 7430(a), the taxpayer must be a 'prevailing party' under subsection 7430(c)(4).").

Embedded in that term are two requirements: first that the claimant be a "party" and second that the claimant be "prevailing". As to "party", section 7430(c)(4) provides that "[t]he term 'prevailing party' means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)". Under our historic analysis of our jurisdiction, discussed above, if petitioner is not a "party" as that word is used in section 7430(c)(4), then he could not be a prevailing party, and we lack jurisdiction because he is not the proper party to file a petition. Conversely, if petitioner is a "party" under section 7430(c)(4), then he could be a prevailing party under section 7430(a), and we would have jurisdiction to consider whether, under facts to be presented at trial or on motions, petitioner is a prevailing party.

In Estate of Palumbo v. United States, 675 F.3d 234 (3d Cir. 2012), the U.S. Court of Appeals for the Third Circuit held that the party seeking the administrative costs must be a party to the underlying action to be a "prevailing party". The party seeking administrative costs, the Estate of Antonio J. Palumbo (Estate), argued that a charitable trust should be considered the prevailing party for purposes of the net worth requirement in section 7430 because it was the sole

residuary beneficiary of the estate, including the disputed tax liability and any potential payment of administrative costs, if awarded.[2] The Court of Appeals rejected that argument and held that the net worth requirement applied to the "prevailing party" and that the prevailing party had to be a party to the underlying dispute. Id. at 240. Since the Estate was a party to the underlying dispute and the charitable trust was not, the Estate was the prevailing party and the net worth requirement applied to it. Id.

In its analysis, the Court of Appeals distinguished two of our Memorandum Opinions that had considered the net worth requirement as applied to taxpayers who were not parties to those particular cases. See Young v. Commissioner, T.C. Memo. 2006-189, 2006 WL 2564109; Dixon v. Commissioner, T.C. Memo. 2006-97, 2006 WL 1275497 (test cases). The taxpayers in the test cases were among many participants in certain tax shelters who had filed petitions in this Court. Most of the additional participants entered into "piggyback" agreements in which they agreed that their cases would be resolved in accordance with the Court's opinions in the test cases. Eventually, more than 300 of these non-test-case

_____

[2] Under sec. 7430(c)(4)(A)(ii), as an organization exempt from taxation under sec. 501(a), the charitable trust would have had no net worth limitation.

participants made contributions to a fund that was created to share the cost of litigating the test cases.

After the resolution of the underlying issues, the participants in the two test cases and some of the other participants sought the award for administrative costs under section 7430. The Court held in the test cases that the net worth requirement would be applied to each participant individually, even though the non-test-case participants were not parties to the test cases. In so holding, the Court stated that "[t]he case for looking beyond the named parties is particularly compelling in these proceedings, where similarly situated taxpayers not only shared the costs of the litigation but also 'had rights at stake in the case on the merits'". Young v. Commissioner, 2006 WL 2564109, at *8 (quoting Dixon v. Commissioner, 2006 WL 1275497, at *9).

In distinguishing its decision from the decisions in the test cases, the Court of Appeals in Estate of Palumbo, 675 F.3d at 243-244, stated that "[w]e believe Dixon's exception is narrowly cabined to situations involving complex tax litigation where similarly situated taxpayers have foregone [sic] individual litigation to further their independent legal claims and shared in the costs of their representative litigation." Here, of course, petitioner (similar to the charitable trust in Estate of Palumbo) had no independent legal claim at stake in the

underlying proceeding but rather a derivative claim as a beneficiary of a possible section 7430 award.

The Court of Appeals' decision in Estate of Palumbo relied on cases decided under 28 U.S.C. sec. 2412 (a fee-shifting statute under the Equal Access to Justice Act (EAJA)).  Like section 7430, the EAJA fee-shifting statute provides that a prevailing party may seek a judgment for attorney's fees.  Equal Access to Justice Act, 28 U.S.C. sec. 2412(b) ("[A] court may award reasonable fees and expenses of attorneys * * * to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity[.]").  In addition, the term "prevailing party" in section 7430(c)(4)(A)(ii) is defined partially by cross-reference to the EAJA's net worth requirement (specifically, "the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect)").  Further evidence of the parallels between these provisions is found in the EAJA, which excludes from its coverage administrative costs to which section 7430 applies.  28 U.S.C. sec. 2412(e).

Cases applying the EAJA similarly have required the "prevailing party" to be a party to the underlying proceeding. In Sw. Marine, Inc. v. United States, 43 F.3d 420 (9th Cir. 1994), a subcontractor applied for attorney's fees under the EAJA, after being awarded an adjustment to a contract price, through its general contractor, Southwest Marine, Inc. The District Court granted the Government's motion to dismiss, and the U.S. Court of Appeals for the Ninth Circuit affirmed the District Court's dismissal because the subcontractor was not a party to the underlying dispute and "[t]he language of the statute * * * only allows fees to a prevailing 'party.'" Id. at 423; see also R.C. Constr. Co. v. United States, 42 Fed. Cl. 57 (1998) (similarly rejecting claim made on behalf of subcontractor); Alaskan Arctic Gas Pipeline Co. v. United States, 19 Cl. Ct. 211, 217 (1990) ("ITA (Arctic) fails the first test * * * [of four EAJA threshold eligibility requirements] because, quite simply, it cannot be viewed as a prevailing party without having been a plaintiff in the original action."). The Court explained that the "language must be strictly construed in order to avoid an unintended expansion of the waiver of sovereign immunity." Sw. Marine, Inc., 43 F.3d at 423. The Court of Appeals also held that the net worth limitation applied to Southwest Marine, Inc., which was a party to the underlying action, rather than the subcontractor, even though the subcontractor paid for the litigation. Id.

Treating the attorney representing a party in an underlying proceeding as a possible prevailing party also conflicts with the express requirement of section 7430(a) that the administrative costs be "incurred" by the prevailing party. The most natural reading is that eligible administrative costs must be paid by the prevailing party, not charged by the prevailing party. Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008) (holding, in its interpretation of a fee-shifting statute in the EAJA, that "the statute's explicit reference to the 'prevailing party' unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney").

We previously have held that fees are 'incurred' when there is a legal obligation to pay them. See Young v. Commissioner, 2006 WL 2564109, at *9; see also, e.g., Morrison v. Commissioner, 565 F.3d 658, 662 (9th Cir. 2009) ("[A] taxpayer can 'incur' attorneys' fees if he assumes either: (1) a noncontingent obligation to repay the fees advanced on his behalf at some later time; or (2) a contingent obligation to repay the fees in the event of their eventual recovery."), rev'g T.C. Memo. 2006-103; Swanson v. Commissioner, 106 T.C. 76, 101-102 (1996) (holding that a taxpayer could not recover section 7430 costs in excess of the noncontingent part of the attorney's fee contract where the taxpayer had agreed to pay the attorney a $40,000 set fee, while agreeing to pay the attorney more if

costs were awarded under section 7430 in excess of $40,000 because the taxpayer had no legal obligation to pay the fee and therefore did not incur expenses in excess of $40,000). Regardless of whether petitioner's fee arrangement with his client was contingent on the award of administrative costs under section 7430, petitioner was to be the recipient of any fees; he did not "incur" any fees. See United States v. McPherson, 840 F.2d 244, 245 (4th Cir. 1988) (holding that an attorney representing himself could not recover section 7430 costs because a petitioner could recover section 7430 costs only for fees actually paid or incurred, and, having paid no fees for legal services nor having incurred any debts that remained outstanding, the attorney did not incur fees for the services he provided himself); Frisch v. Commissioner, 87 T.C. 838, 845-846 (1986) ("The simple truth is that the plain language of section 7430 cannot be read to include lost opportunity costs, but is limited to actual expenditures.").

The definition of "reasonable administrative costs" in section 7430(b)(2) and (c)(2)(B) supports this reading as it includes "reasonable fees paid or incurred for the services of attorneys", sec. 7430(c)(1)(B)(iii), and lumps such fees with "reasonable expenses of expert witnesses", sec. 7430(c)(1)(B)(i), and "the reasonable cost of any study, analysis, engineering report, test, or project", sec. 7430(c)(1)(B)(ii), that is, fees charged by third parties. Treating these named

service providers as parties in the case who then may seek an award of their own is not consistent with, or supported by, the structure of the statute. Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1511 (11th Cir. 1988) (holding, with regard to the EAJA, that "Congress did not intend that all persons performing services to the prevailing party in the litigation be allowed to become parties in the case to assert their claims for compensation").

Finally, the legislative history of section 7430 also supports our conclusion that only a party to the underlying action may pursue an award. Before amendment in 1988, section 7430 permitted only parties in litigation against the IRS to seek litigation costs; it did not permit parties to seek administrative costs. In 1988 Congress amended section 7430 to permit prevailing parties in administrative proceedings to seek awards of administrative costs. Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, sec. 6239(a), 102 Stat. at 3743. Section 7430(f) was added as well, providing the mechanism for the prevailing party seeking the award of administrative costs, who was not already before the Court, to petition the Court after the application for administrative costs was denied. Id., 102 Stat. at 3746.

Here, petitioner was acting as his client's representative pursuant to a power of attorney and was not a party in the underlying dispute. He seeks to recover fees

he charged (but has not received from) his client, not costs he incurred. Because he was not a party to the underlying dispute and therefore cannot be a prevailing party, he is not the proper party to petition the Court for review of respondent's denial of an award for administrative costs, and we lack jurisdiction to decide this case.

### B. Petitioner's "Real Party in Interest" Argument

Petitioner counters that he was entitled contractually to any award to his client of administrative costs and therefore is the real party in interest. As the real party in interest, he argues, he has a right to claim administrative costs on his own behalf and therefore is a proper petitioner in this case. In support, he cites Marré v. United States, 117 F.3d 297 (5th Cir. 1997). In Marré, the U.S. Court of Appeals for the Fifth Circuit held that the taxpayer's counsel was the real party in interest and therefore the Government could not use attorney's fees awarded to the taxpayer under section 7430 to offset the other tax liabilities of the taxpayer. Id. at 304. The Court of Appeals further held that the attorney's fees were payable directly to the attorney. Id.

In Marré, the suit seeking the administrative costs was filed on behalf of the taxpayer who was a party to the underlying proceeding, not on behalf of the attorney who represented the taxpayer. Consequently, the Court of Appeals

addressed only who is entitled to receive payment of administrative costs once awarded to the taxpayer and whether that award could be used to offset other liabilities of the taxpayer, not whether an attorney can apply (and then petition us) for administrative costs on his own behalf. That a party might be the real party in interest does not make him the prevailing party with the right to apply for administrative costs under section 7430. See Estate of Palumbo, 675 F.3d at 238 ("The fact that the Charitable Trust stood to benefit from the Estate obtaining a tax refund, as well as any award of fees, does not mean that it was a 'prevailing party' that incurred fees as is required under section 7430."). Whether petitioner was the real party in interest does not change our conclusion that he was not the prevailing party and therefore is not entitled to seek an award of administrative costs under section 7430.[3]

Furthermore, in the test cases, we treated non-test-case taxpayers as real parties in interest and applied the net worth requirement to each individually in part because each had independent legal rights at issue, unlike petitioner.

---

[3] In Greenoak Holdings Ltd. v. Commissioner, 143 T.C. 170, 176 (2014), the petitioners similarly urged us to read "'person' [in sec. 6330] broadly so as to include any third party claiming an ownership right in property that might be subject to levy to collect the unpaid taxes of another person." There too we declined to extend the rights of a "person" conferred under sec. 6330 to anyone other than the taxpayer owing the tax (or the authorized representative of that taxpayer). Id. at 177-179.

## IV.  Other EAJA Authorities

Other cases that we identified that interpret "prevailing party" in the EAJA also consistently held, or treated as settled law, that an attorney representing a party in the underlying action lacks standing to apply for attorney's fees.

In Panola Land Buying Ass'n, the U.S. Court of Appeals for the Eleventh Circuit rejected on jurisdictional grounds a motion to intervene to seek attorney's fees under the EAJA brought by a former attorney (Ebbinghouse) of the party in the underlying action (Panola).  Panola had entered into a conditional settlement agreement stipulating that it would not seek attorney's fees.  After the conditional settlement agreement was filed with the clerk of the court presiding over the underlying action, Ebbinghouse filed a motion to intervene to seek attorney's fees on his own behalf.  The Court of Appeals held that Ebbinghouse could not intervene, summarizing its analysis and holding as follows:  "Examination of the language and purpose of that source and of the history of Federal fee-shifting statutes makes it clear that the EAJA does not afford Ebbinghouse party status to assert a legally protectable right."  Panola Land Buying Ass'n, 844 F.2d at 1509.

In Oguachuba v. INS, 706 F.2d 93 (2d Cir. 1983), the U.S. Court of Appeals for the Second Circuit similarly held that a party's attorney could not apply for attorney's fees on his own behalf.  In Oguachuba, the party's (Oguachuba's)

counsel originally applied for attorney's fees in his own name. After the application was rejected, Oguachuba filed a notice of appeal in his own name. The Court of Appeals held that "the statute allows an award of 'fees and other expenses' to the 'prevailing party' * * *. * * * Under the circumstances and given the statutory language, we believe that counsel has no standing to apply to the public fisc for payment. If the instant appeal were simply based upon the application filed by Oguachuba's lawyer in his own behalf, we would thus be forced to dismiss." Id. at 97-98. The Court of Appeals noted its doubt that the substitution cured the defect in the initial application but went on to reject Oguachuba's application for attorney's fees on the merits.

In deciding other issues arising under the EAJA, courts also have concluded that attorneys lack standing to apply for attorney's fees on their own behalf. The Court of Appeals for the Federal Circuit in Phillips v. GSA, 924 F.2d 1577, 1582 (Fed. Cir. 1991), stated that "[a]s the statute requires, any fee award is made to the 'prevailing party,' not the attorney. Thus, Phillips' attorney could not directly claim or be entitled to the award. It had to be requested on behalf of the party." See also FDL Techs., Inc. v. United States, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (rejecting a claim that an attorney's fee award should be paid directly to the

attorney because "[b]y its terms, [EAJA] § 504(a)(1) states that the fee award is made to a prevailing party, not the prevailing party's attorney").

In Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), the U.S. Court of Appeals for the Tenth Circuit held that the EAJA attorney's fee award is paid to the plaintiff and not her attorney, adding that

> [f]urther support for the conclusion that the EAJA award is for the prevailing party and not for the attorney is the settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party. Just as a prevailing party cannot assign her underlying substantive action, she cannot assign her right to seek attorney's fees, which is derivative of the underlying substantive action, to her attorney. Only after the prevailing party exercises her right to seek an award of attorney's fees under the EAJA and obtains an award may her attorney pursue collection of the attorney's fees. * * * [Citations omitted.]

Similarly in Stephens ex rel. R.E. v. Astrue, 565 F.3d 131 (4th Cir. 2009), the U.S. Court of Appeals for the Fourth Circuit found the fact that attorneys did not have standing to apply for EAJA fees supported its holding that attorney's fees are payable to the prevailing party and not the attorney.

V.  Petitioner's Application for Attorney's Fees and Timeliness of Petition

Section 7430(f)(2) provides that the Commissioner must make a decision on the application for administrative costs before a petition may be filed. Under section 301.7430-2(c)(6), Proced. & Admin. Regs., if the Commissioner does not

respond to an application for administrative costs within six months, the failure to respond can be considered a decision of the Commissioner denying the award.

In supplemental briefing respondent argues that the petition is untimely because it was filed on April 15, 2015, before the application petitioner filed on December 27, 2014, was denied or deemed denied under section 301.7430-2(c)(6), Proced. & Admin. Regs. Petitioner argues first that his petition relates to his application filed (on behalf of his client) on September 17, 2014, and that his December 27, 2014, letter merely amended the original application, and second, that even if the December 27, 2014, letter is considered his application, the IRS orally denied it therefore giving him the right to file a petition.

Because we decide this case on other grounds, we do not reach the question of which of petitioner's two letters requesting administrative costs should be considered petitioner's application for purposes of section 7430(f), or whether an oral denial would constitute a decision for purposes of section 7430(f)(2) that would allow petitioner to file a petition before six months had elapsed. We therefore do not reach the question of whether the petition was timely filed.

VI. Conclusion

We hold that petitioner was not a party to the underlying administrative proceeding but rather acted on behalf of the party in that underlying proceeding.

Therefore, petitioner cannot be a prevailing party under section 7430 because section 7430 limits awards of administrative costs to prevailing parties only. Because petitioner cannot be a prevailing party, he is not the proper party to file a petition under section 7430(f)(2), and we do not have jurisdiction to review respondent's denial of his application for administrative costs under section 7430.

To reflect the foregoing,

An order of dismissal granting respondent's motion to dismiss for lack of jurisdiction will be entered.